Case No. 2012-5915, Bench Billboard Company v. City of Covington Transit Authority of Northern Kentucky. Request to take 15 minutes of the plan and 50 minutes to be shared by the defendants. Mr. Smith, any comments? My client placed bench billboards in the City of Covington displaying both commercial and non-commercial speech. Currently, the issue before the court relates to my client's benches at bus stops, specifically Tank Transit Authority of Northern Kentucky bus stops. Those locations are solely determined by Tank. Tank owns the majority of shelters and additional advertisements at those bus stops, including in the City of Covington, but also throughout Northern Kentucky. Tank agrees that the bus benches are an amenity. They provide a service and provide seating for people waiting for the bus stops. Tank is a quasi-public utility and has the authority to locate its service facilities without approval of local governments, such as the City of Covington. Counsel, if I may, let me interrupt you just a second. Sure. What issues do you contend are present in this appeal that either were not directly or indirectly addressed in the original appeal? Thank you, Your Honor. The initial appeal, as related to Tank, was our claims against Tank were dismissed on standing. It was a threshold issue. We didn't get into the heart of the matter. There was some discovery, but there was no real issue related to Tank. And the issue that was determined by this court previously related to Tank was that we, Bench Billboard Company, has not demonstrated any harm because Tank had not removed or hindered our ability to put benches at their stops. And, in fact, the benches remained at the Tank bus stops until the district court ruled approximately a year ago based upon not Tank's request, but Covington's request to have those benches removed. So the issue really relates to Tank's authority at those bus stops, and there's no question that Tank has the legal authority to put structures at those stops and has done so and does not need Covington's approval to do so. Our bus benches were at those stops. After the first appeal before this court, after that decision, Covington, not Tank, went back to the district court to have those benches removed. And the issue that needs to be heard by the district court is Tank's authority allowing our benches to be placed at Tank bus stops. No objection by Tank. The finding was there was no harm in the standing issue because Tank didn't object to their removal. And Tank didn't come to the district court. Covington came to the district court to have those benches removed. What's the evidence that Tank has the authority to, I guess, permit private corporations to install benches at the bus stop? Does that just flow from something, or is there something explicit that provides that authority? Your Honor, that's a great question. There is evidence as well as statutory authority, and that's cited in our briefs. And it actually was cited by the court's decision as well. The City of Covington is arguably without power to regulate the activities of Tank. That's Code section 96.01B3E, that's the Covington Code, Kentucky Revised Statute, KRS section 100.3241. Also, the depositions of Malone, Berkeley, and Newsom, which are part of the record, support that as well. Tank currently allows the placement of bus shelters and advertising by third parties at its bus stops. Malone's deposition at page 37, that's the record at 79, Berkeley, record 77, pages 20 to 22, and the record Newsom at 80, pages 14, 19, 22 to 24, and 52 to 54. And I think these are all cited in our brief. They allow for third parties to place structures, shelters, and advertising at its bus stops. And that was never discussed or decided by the U.S. District Court because, again, the issue was a standing issue. KRS 96A.0201, 1 in parentheses, Tank is a governmental entity. And 100.324, Tank may locate at service facilities without approval of local government. Tank bus stop is a service facility. The District Court found that. And then this court found that Tank's assertion it was exempt from complying with municipal zoning laws, which attempt to regulate the placement or characteristic of Tank's service facilities. In fact, I believe this court found, certainly the District Court found, and the record holds, that the only advertising that was removed by Tank in Covington was done voluntarily. And the courts agreed, and it's true, that Tank was not required to do that because under their statutory authority they had the right to have these benches placed there. So... Is there any First Amendment issue at this stage of the litigation? Well, Your Honor, there probably is, but it hasn't been fully developed. It's hard for me to imagine how there's even probably slightly. Can you explain how even probably slightly? I mean, if you're relying on a Kentucky statutory provision that Kentucky presumably doesn't have a First Amendment obligation to have, so how can the content of that provision, whether it allows this or doesn't allow it, be a First Amendment issue? I'm not seeing that. Well, the key is, Your Honor, that the benches were at the Tank sites until the District Court ordered their removal last July. That was after the Sixth Circuit decision. That's the issue? The issue is, did the court have the authority, based upon Covington's request, to remove those benches? Not Tank's request. Tank wasn't even a party at that point. I'm talking about the law, the law that we're trying to figure out what the law is here. Correct. The law, as I understand it, is disputed as only what the content of Kentucky law is with respect to who gets to decide what's on these benches or whether the benches are there. Or whether the benches are properly placed at... That's all Kentucky law, which is not affected by the First Amendment, isn't it? Kentucky could say whatever they want on that issue, couldn't they? Well... Or they're required to give Tank the ability to, by the First Amendment. You're not arguing that, are you? No. So there's no First Amendment issue here at all. Maybe there was before, when the case was up here before. Maybe that's the ultimate basis for the injunction. But your issue is just... You have to tell me if I'm wrong, because that's how I'm understanding your argument. I'm understanding your argument to be a... This injunction can't extend this far because it's inconsistent with the Kentucky statute, which allocates power between Tank and Covington. That's part of our argument, Your Honor. What's the rest of it? The rest of the argument is that Tank has never objected to the benches that... Is that a First Amendment issue? That's not necessarily a First Amendment issue, but it's certainly an issue that needs to be remanded and fully heard by the district court. So there's no First Amendment issue left, then? Well, ultimately it goes into a First Amendment issue if Tank can allow the placement of some of their advertising at some of their shelters by other third parties but not our clients. But Kentucky could change that without violating the Constitution, right? Well, Kentucky hasn't changed that. That wasn't my question. If Kentucky can do it either way and we're just trying to figure out what Kentucky has done, I'm having trouble seeing how that's a First Amendment issue. Well, the issue relates to whether Kentucky has given Tank the authority to patrol, police, govern those spaces. Either have or they haven't, right? Correct. And we assert that they have given Tank authority to do that. But you're not saying the First Amendment required them to give you that authority? Correct. That's correct. So there's no First Amendment issue, then? Well, there could be a First Amendment issue if Tank decides who is allowed to go there and who is not allowed to go there. That's not the issue you're arguing today, though. Well, it sort of is because Tank has allowed some bus shelters at some of their spots. Your Honor, let me back up a step. The problem is Tank has never objected to our benches at their spots. And that was the issue that the district court found and this court affirmed. We didn't plead harm or show harm because Tank didn't take any position. Tank stood back there. Covington admits, Tank admits that Tank has the authority to rule those plots of land. Our benches were there. Tank didn't object. Tank didn't remove them. Tank said they're fine, they're a public amenity. Covington came in and said those bus benches need to be removed. Covington asked the district court to remove those. Tank didn't do that. I'm trying to get at the legal issue. Pardon me for interrupting. I understand there's a lot of history here that you're deeply involved in. But if the Kentucky statute says or provides, in effect, that the Covington ordinance controls in a situation like this, you lose. And if the Kentucky statute says in a situation like this, the Covington ordinance does not control what Tank can allow, then you may win. So that's the issue. Is there some other issue? That's primarily the issue that has never been decided. And the First Amendment doesn't tell Kentucky which of those two to have. So it either allows it or it doesn't allow it as a matter of Kentucky law. That's your issue, right? That's correct. The only way the First Amendment comes into play, Your Honor, is if Tank, under its authority, discriminates against our client versus other clients. But that, again, is an issue that hasn't been heard, and that's why we're here, because the injunctive relief that was granted, again, not on Tank's request, but on Covington's request. The problem is that – Well, let me put it this way, then. If you lose on that, there's no First Amendment issue. If we lose on that and this court or a court determines that the Kentucky ordinances or the Covington ordinances on its own trump the Kentucky statutes, yes, correct. But that, again, that issue has not been determined, that issue has not been heard, and that's why we're here. And interestingly – The district court held, though, right? No, the district court did not. The district court granted – No, the district court granted Covington's request to have the benches removed from Tank. Our argument was that Tank didn't request that and Covington had no authority to request the district court to remove the benches. The district court said that they did have that authority. Well, the district court didn't say Covington had the authority to request it. It just granted the relief. It didn't – Well, it also reasoned. Well, but it didn't reason with authority related to the Kentucky statutes. It just granted the relief based on the prior decision. The problem, Your Honors, is that there's been a runaround here. Tank didn't want to get their hands dirty. That's why when the benches were put there, which they liked and approved, they didn't take any position. And unfortunately, because they didn't take any position, we had no claims against Tank. That's what the court held. Tank hasn't harmed you. Your benches are there. They're providing seating. They're providing services. Covington comes in and says, we want the benches removed. At the hearing on the injunction before the district court last summer, Tank wasn't even a party. They just stood in the background. Again, they didn't want to maintain their position. Covington knew they didn't have the authority to remove the benches based on this court's order. That's why they petitioned the court to get another court order to get them removed. Our problem is, it's not Tank's decision. It's not Covington's decision. It's Tank's decision whether or not those should be removed, and whether or not Tank can allow advertising at some of their shelters yet discriminate against our client and stand back while Covington petitions that they be removed. That is an issue that needs to be fully heard by the district court, and that issue has never been heard. Your Honor, we request – I see that I'm almost out of time – we request that this be remanded for a full evidentiary hearing regarding Tank's ability to place or allow to be placed third-party advertising at its bus stops or bus shelters, 25% of which are not owned by Tank, and its ability to allow to place or be placed our advertising, Bench Billboard Company's advertising, at the same service facility. Thank you. Thank you. May it please the Court. Mr. Smyth, this case has been going on for about six or seven years now. In the very beginning, there was a complaint filed against the City of Covington by Tank indicating that the City of Covington had jurisdiction over these benches. We litigated that issue, and the judge determined that as an underlying assumption that Covington had control over these benches and did not violate the constitutional rights of Bench Billboard. This was brought by Bench Billboard, right? By Bench Billboard. You said by Tank. I'm sorry, by Bench Billboard. It's still unclear which litigation you're talking about. Okay. I represent the City of Covington. So are you arguing that race judicata should apply in this case based on the previous litigation and the issues raised by that? That's correct. That's what I'm arguing. When we asked the Court to enforce the judgment of Judge Bunning and the decision of a panel of this circuit, I followed 28 United States Code 2202 and asked that the benches be removed in enforcement of the declaratory judgment. The judge granted that. However, Bench Billboard raised these other issues, which had actually been litigated previously by Judge Bunning in the district court. And had been considered by a panel of this circuit. And it actually, this panel actually, or not this panel, but another panel, actually came to the conclusion that Bench Billboard presented no evidence. And, in fact, the record evidence of the case indicated that Tank did not have the authority to permit Bench Billboard to place its advertising benches at its bench stops. Counsel, the order that's being appealed from before us now is decided by Judge Bunning. Yes. Is that correct? Judge Bunning didn't, or did he, rely on law of the case or res judicata, or did Judge Bunning independently? He did not. Can you address the reasoning that he did engage in? Why he did not? Yeah. Is it supportable? Well, I think he could have, but I think he explained his decision. And I think he could have. I raised it. No, I'm not saying you can't raise it. I'm just curious about his reasoning. Oh, I don't know. If his reasoning is persuasive, we might adopt it. But you're not defending it here. You're going off on another different reason. Am I understanding correctly? Well, I am defending his reasoning as well. What is his reasoning? I think that's what I'm saying. Okay. His reasoning is the – I think what he is saying, that the case between Bench Billboard and Tank was tried, and he came to the conclusion that Bench Billboard did not – or that Tank did not have the authority to grant Bench Billboard permission to place these advertising benches at its bus stops. He considered that. Because they weren't covered by this Kentucky statute that gives Tank certain power but doesn't give Tank the power to give that power to someone else. That's right. Tank has exemption under 100.324, KRS 100.324, to locate its benches wherever it determines in a city. And it does not have to abide by the planning unit of the city in making that determination as to location. Judge Bunning discussed that throughout the case. That argument was made throughout the case, to the contrary, by Tank saying that Tank has complete jurisdiction over these benches by virtue of its exemption from zoning laws and by virtue of the fact that it had the power of condemnation in eminent domain. That was argued in respect to Tank and Bench Billboard. Then Bench Billboard went and argued the case against the city of Covington, saying that Covington has the jurisdiction over these bus stops as to the placement of advertising benches and encroachment benches. And on one hand, Bench Billboard was arguing Tank has jurisdiction, and on the other hand, it was arguing the city of Covington has jurisdiction. I don't get it what Judge Bunning argued. Well, that's when Judge Bunning covered all of that. And concluded? And concluded that Tank did not have jurisdiction over these benches and that the city of Covington did. I mean, and the court of the- I thought his argument was different. I thought his argument was that Tank had jurisdiction. It just couldn't give that. It just didn't mean that Covington didn't also have jurisdiction to the extent that Tank hadn't exercised it. I don't think he came to that conclusion. I disagree with that. I don't think Judge Bunning ever determined that Tank had jurisdiction over the placement of these benches. And even if he did, the Sixth Circuit held that the record evidence is that Tank does not have the authority. Here I'm looking at page 17 of his judgment. I think this is the relevant judgment. It says, Bench billboard attempts to shield itself from the reach of Covington ordinance by asserting a right to the same exemptions afforded to Tank as a public utility. However, as a private entity, bench billboard is not entitled to such exemptions. Negative inference is Tank is. Bench billboard has provided no evidence to demonstrate that Tank has adopted any bench billboard benches as its own, nor provided any authority to support its argument that the benches at issue may be protected from local regulation by writing on the coattails of Tank's exemption. Seems to suggest that Tank has an exemption, doesn't it? It does have an exemption. Well, just a minute ago you said no. Well, I didn't mean to. So Tank has an exemption, but bench billboard doesn't. That's the nature of his argument. That's right. If I said that, I got my titles switched. No, I agree with that. And this matter has been litigated. It's all through the pleadings. It's all through the motions for summary judgment, in which bench billboard says that it can ride on Tank's coattails and put its benches wherever Tank decides to put its benches. And on the other hand, in respect to the city of Covington, it argues that the city of Covington has jurisdiction. So on one hand, Covington has jurisdiction. On the other hand, Tank has jurisdiction. Okay. Thank you, counsel. Okay, thank you. Other questions? No. Thank you. If it pleases the court, my name is Joseph Baker, and I represent Tank. And the role that I think Tank has been cast in this lawsuit is that it's a dispute basically between the city of Covington and bench billboard, and yet Tank has had to defend itself against allegations, principally from bench billboard, about what Tank wants and what Tank has done. And even though Tank has taken no action, whatever, to enforce either the Covington ordinance or any action with regard to any of bench billboard's benches. In addressing the court's questions about what has happened and transpired in prior courts, what the Sixth Circuit, I believe, but sometimes the Sixth Circuit opinion and the district court opinion run together in my mind. There was a statement in the Sixth Circuit that said these benches were placed at Tank bus stops without Tank's involvement or consent. And I think that aptly describes what bench billboard has tried to do in this case. They would merely choose their own position to, well, we'll put a bench at this bus stop or we'll put a bench here. Tank in no way was involved in either selecting, soliciting, gain no revenue, took no action either to tell bench billboard to remove the bench or that they could have the bench there. And yet bench billboard is trying to argue by the mere fact that it placed the bench at a bus stop that somehow that exemption under KRS 100.324 exempts that bench from Covington's control. Tank's position all along has been that our bus stops do not create these little islands of sovereignty where Tank controls everything and Covington does not control anything at all. What we're saying is we have the right to designate at places that we may choose, although in practice we usually work this out with the city involved, that we're going to have a bus stop here. Sometimes we move bus stops because the city will tell us that would create some conflict with traffic regulation. Counsel, were you dismissed originally from this? I was dismissed at the lower level on a motion for summary judgment for lack of standing. And then we upheld that. Yes, that was upheld. And then we remanded. According to us, you're not a party then, right? That's been a question whether Tank is a party at this stage or not. It seems like you're not if we upheld a dismissal of you from the litigation. I would tend to agree with that. But then when the injunction motion was made, which, by the way, Tank was not given notice of. Because you're not a party. Because I was not a party, but I did appear because I did find out about it. And the court did address a couple questions. You're sort of in kind of a gray area here. You're a one-time party. It sounds like you might want to intervene or maybe you're an amicus. I would say that . . . I'm not sure you're really there. You're sort of fuzzing in. We've been wondering from day one why we were in this suit, to be honest with you. Who am I and why am I here? Why am I here and that's why I wore the gray suit. You agree with what the district court did below. We don't have any objection to what the district court did below. That wasn't my question. Yes. You agree with what the district court did. We do agree with what the district court said. We've never claimed to have adopted billboards benches. We've never taken any action to remove those benches. And we have never claimed that we have the right to put those benches at tank bus stops over the objection of the city of Covington. And, in fact, we've never even tried to do that either. So tank's role in this case has literally been we haven't done, we haven't done, we haven't done, why are we here? Okay. Thank you. Unless there's further questions. We're fine. Thank you, counsel. Thank you. Your Honors, who has control over these spots? Is it tank or is it Covington? That's the question. If it's tank, if tank objects to the benches and it is tank under governmental authority and the statutes, why hasn't tank told bench billboard to remove its benches? If they object to them, why hasn't tank done that? Because they provide a public service and tank has no objection. Indeed, by tank's failure to say that, we lost on standing because tank hasn't caused any harm. The district court rejects this argument, though, it seems to me. You want a remand. The language I read, it just seems to distinguish between a private commercial entity like you and tank, a public utility. That seems to be the nature of the distinction. But there's no authority, Your Honor. There's no authority cited whatsoever to support that. It's a blank statement. Indeed, this court said Covington is without authority. You're saying you haven't provided authority and the authority to provide is KRS, whatever it is. 100.3241, which this court cited. It's not like he's not interpreting it. You may not agree with it, but I can't see what a remand is going to do. I mean, it either provides what Judge Bunning says or it doesn't provide what Judge Bunning says. Well, Your Honor, a remand and a hearing on this, a full evidentiary hearing will flesh these issues out. Who has the authority to remove the benches? Is it tank or is it Covington? Is it both? He says it's Covington unless tank does something more than what it's done. I mean, why do you need a remand? Your Honor, this court said Covington is without authority to prohibit bus shelters and benches, and it cites that same statute at page 19 of this court's opinion. So one says there's no authority at all and one says there's no authority here. Well, either Covington has the authority or it doesn't. They can't have it both ways. Either tank has the authority or it doesn't, and if it's tank's authority to do it, it hasn't objected to it. Our position is it's not Covington. Under the statutes, it's tank, and therefore, if it's not Covington, Covington cannot petition the district court to have them removed because it has no authority under 100.3241, and this court's reference to that statute as well. Covington is without authority to do so. Thank you. Thank you, Your Honor. I'll think of you every time I wait for a tank bus. Case will be submitted.